1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marie Luise Taliani,<br><br>    Plaintiff,<br><br>v.<br><br>Commissioner of the Social Security Administration,<br><br>    Defendant. | No. CV-17-03366-PHX-JJT<br><br>**ORDER** |

At issue is the denial of *pro se* Plaintiff Marie Luise Taliani's Application for Disability Insurance Benefits by the Social Security Administration ("SSA") under the Social Security Act ("the Act"). Plaintiff filed a Complaint seeking judicial review of that denial, and the Court now addresses Plaintiff's Opening Brief (Doc. 12, Pl.'s Br.) and Defendant SSA Commissioner's Opposition (Doc. 13, Def.'s Br.). For the reasons set forth below, the Court affirms the Administrative Law Judge's decision (R. at 25–37) as upheld by the Appeals Council (R. at 9–11).

**I.  BACKGROUND**

Plaintiff filed her Application for Disability Insurance benefits on April 4, 2013, for a period of disability beginning July 1, 2011. Plaintiff's claims were denied initially on July 16, 2013, and upon reconsideration on March 20, 2014. Plaintiff then testified at a hearing held before an Administrative Law Judge ("ALJ") on November 3, 2015. (R. at 43–82.) On February 10, 2016, the ALJ denied Plaintiff's Applications. (R. at 25–37.) On June 2, 2017, the Appeals Council upheld the ALJ's decision and excluded new evidence

Plaintiff asked the Council to consider because it did not show a reasonable possibility of changing the outcome of the ALJ's decision. (R. at 9–11.)

Upon considering the medical records and opinions, the ALJ found that Plaintiff has severe impairments of status post anterior C6–7 fusion, status post left arm surgery, lumbar degenerative disc disease, lumbar stenosis, right lower extremity neuropathy, Crohn's disease, extreme obesity, hypothyroidism, hypertension, and obstructive sleep apnea. (R. at 29.) The ALJ concluded that Plaintiff has the residual function capacity ("RFC") to perform light work with some limitations, including her past relevant work as wire transfer clerk and data entry clerk, such that she is not disabled under the Act. (R. at 31–37.)

## II. LEGAL STANDARD

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, but less than a preponderance; it is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R.

§ 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. *Id.* At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. *Id.* At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* If not, the ALJ proceeds to step four. *Id.* At step four, the ALJ assesses the claimant's RFC and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. *Id.* If not, the ALJ proceeds to the fifth and final step to determine whether the claimant can perform any other work in the national economy based on the claimant's RFC, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If so, the claimant is not disabled. *Id.* If not, the claimant is disabled. *Id.*

## III. ANALYSIS

### A. Plaintiff Failed to Comply with the Court's Order Setting Forth the Briefing Requirements in this Case

In its Response (Def.'s Br. at 5–7), Defendant first argues that the Court should dismiss this case because Plaintiff failed to comply with the Court's procedural and briefing requirements in this case, and the Court agrees. On October 25, 2017, the Court entered an Order (Doc. 4) requiring the Opening Brief to include, among other things, an Argument section.

> The argument, which may be preceded by a summary, must be divided into sections separately treating each issue. **Each contention must be supported by specific reference to the portion of the record [by reference to specific page numbers] relied upon and by citations to statutes, regulations, and cases supporting Plaintiff's position.**

(Doc. 4 at 2 (emphasis in original).) The Court stated that the parties were required to strictly comply with the provisions of the Order. (Doc. 4 at 1.)

Plaintiff did not comply at all, let alone strictly comply, with the briefing requirements. For example, in her Opening Brief, Plaintiff argues in conclusory fashion that the ALJ failed to comply with 20 C.F.R. § 404.1527—entitled Evaluating Opinion Evidence—without pointing to any portions of the ALJ's opinion or specific medical records and without citing case law or other legal authority to support her contention. While the Court affords the briefs of *pro se* litigants "the benefit of any doubt," *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012), the Court need not go so far as to act as counsel or formulate arguments for *pro se* litigants, *Pliler v. Ford*, 542 U.S. 225, 231 (2004). Plaintiff's Opening Brief does not begin to adequately inform the Court of the portions of the ALJ's opinion Plaintiff disputes or the evidence and legal authority that support Plaintiff's argument. As a result, and as the Court warned Plaintiff it would do in its Order (Doc. 4), the Court will dismiss Plaintiff's claims for this reason alone.

### B. Plaintiff Fails to Convince the Court that the ALJ Erred in Weighing the Medical Evidence and Plaintiff's Symptom Testimony

Even if the Court attempts to consider the substance of Plaintiff's Opening Brief, it does not demonstrate the ALJ erred. To the extent the Court can glean any specifics from the Opening Brief, Plaintiff seems to concentrate much of her argument on the fact that a physician noted that Plaintiff was moving to California for a caregiver job when it was her husband who was taking a caregiver job. (Pl.'s Br. at 2.) But the ALJ cited myriad other reasons, with citations to the medical record, for weighing the medical testimony and considering Plaintiff's symptom testimony as she did. (R. at 28–37.) As a further demonstration of the inadequacies of Plaintiff's brief, the Court cannot find that Plaintiff has pointed to any way in which the ALJ failed to support her decision with substantial evidence in the record or committed any other legal error.

IT IS THEREFORE ORDERED affirming the February 10, 2016 decision of the Administrative Law Judge, (R. at 25–37), as upheld by the Appeals Council on June 2, 2017, (R. at 9–11).

1    IT IS FURTHER ORDERED directing the Clerk to enter final judgment consistent
2 with this Order and close this case.
3    Dated this 15th day of March, 2019.

                Honorable John J. Tuchi
                United States District Judge